**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**



CASE NO:

6:03-cv-840-0rl-22DAB

KEVIN HOWARD,

       Plaintiff,

vs.

GROUPWARE INTERNATIONAL,
INC., a Florida corporation, and RONALD
S. DEAN, JR., individually and severally

       Defendants.

---

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, KENVIN HOWARD, by and through his undersigned counsel hereby

sue the Defendants, GROUPWARE INTERNATIONAL, INC., a Florida corporation,

and RONALD S. DEAN, JR., individually and severally

### INTRODUCTION

1.     This action involves a claim for unpaid wages, including unpaid overtime

wages against the Defendant(s), GROUPWARE INTERNATIONAL, INC., (hereinafter

referred to as "EMPLOYER"), and RONALD S. DEAN, JR. at all times material hereto

owned and/or was an officer/director of EMPLOYER (hereinafter referred to as

"OWNER"), brought by the Plaintiff, (hereafter referred to as the "PLAINTIFF"),

KEVIN HOWARD, a former employee of GROUPWARE INTERNATIONAL, INC.

2.     PLAINTIFF alleges violations of the Fair Labor Standards Act of 1938

(FLSA), 29 U.S.C. Section 201 et seq. PLAINTIFF also alleges State law claims for

violations under Florida Statutes Chapter 448 et seq. PLAINTIFF seeks damages and a reasonable attorney's fee.

## JURISDICTION, VENUE AND PARTIES

3.     This action arises under the FLSA, 29 U.S.C. Section 201 et seq. This Court is vested with Jurisdiction to order an injunction for unpaid overtime wages, compensatory and punitive damages, attorney's fees and costs and any other equitable relief as the Court may deem proper over the claims herein pursuant to FLSA 29 U.S.C. Section 216(a)-(b).

4.     Venue is proper in this Court based upon the following: (a) PLAINTIFF resides at 735 Jameson Drive, Orange City, Volusia County, Florida. (b) The EMPLOYER is a Florida corporation, with its principal place of business located at 140S Main Street, Brooksville, Hernando County, Florida. (c) PLAINTIFF was employed by the EMPLOYER as a cable installation technician at its business facility located in the Brooksville, Hernando County, Florida. (d) PLAINTIFF and a majority of the material witnesses reside within Hernando and/or Volusia County Florida. (e) The unlawful employment practices alleged were committed within Hernando County, Florida.

5.     PLAINTIFF was engaged in an industry affecting commerce and is an employee as defined by the provisions of the FLSA 29 U.S.C. Section 203, et seq.

6.     EMPLOYER is engaged in an industry affecting commerce and is an employer as defined by FLSA 29 U.S.C. Section 203(d), which has employees subject to the provisions of the FLSA U.S.C. Section 207, in the facility where PLAINTIFF was employed.

7.     PLAINTIFF has retained the Pantas Law firm to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## GENERAL ALLEGATIONS

8.     From approximately June of 2002 to February 15, 2003 PLAINTIFF worked for the EMPLOYER as a cable installation technician at its location in Brooksville, Hernando County, Florida.  PLAINTIFF'S duties consisted of installing cable systems in businesses and private residences. Throughout his employment with the EMPLOYER, PLAINTIFF worked over 40 hours per week.  EMPLOYER has failed and/or refused to compensate PLAINTIFF for the overtime he has worked.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

9.     PLANTIFF re-alleges and incorporates herein the allegations contained in Paragraphs 1 through 8 above as if fully set forth in Count I of this Complaint.

10.     Throughout PLAINITFF'S employment, the EMPLOYER repeatedly and willfully violated the FLSA 29 U.S.C. 207 and 215(a)(2) for failure to compensate PLAINTIFF, an employee engaged in an industry affecting commerce for work weeks longer than 40 hours without compensating him for work performed in excess of 40 hours at a rate not less than one and one-half times the regular rate at which PLAINTIFF was being paid.

11.     EMPLOYER'S failure to pay overtime wages to Plaintiff was willful and unlawful in that PLAINTIFF is not exempt from the overtime provisions of the FLSA pursuant to the provisions of 29 U.S.C. Section 213(a), in that he is not a bona fide executive, administrator or professional employee.

3

12.    EMPLOYER was aware and/or should have been aware of the violations set forth in this Complaint.

WHEREFORE, PLAINTIFF requests a judgment against the EMPLOYER for the following:

(a)    Unpaid overtime wages found to be due and owing.

(b)    An additional equal amount as liquidated damages.

(c)    Prejudgment interest.

(d)    Costs, including a reasonable attorney's fee.

(e)    Such pother relief as the Court deems just and equitable.

## COUNT II
## UNPAID WAGES UNDER FLORIDA STATUTES CHAPTER 448

13.    PLAINTIFF re-alleges the allegations contained in Paragraphs 1 through 12 above, as if fully set forth in Count II of this Complaint.

14.    EMPLOYER has repeated and willfully violated Florida Statutes Chapter 448 et seq.

15.    Pursuant to Chapter 488 of the Florida Statutes, PLAINTIFF is entitled to recover from the EMPLOYER unpaid wages, costs and fees of this action.

WHEREFORE, PLAINTIFF requests a judgment against the EMPLOYER for the following:

(a)    Unpaid overtime wages found to be due and owing.

(b)    An additional equal amount as liquidated damages.

(c)    Prejudgment interest.

(d)    Costs, including a reasonable attorney's fee.

4

(e)   Such pother relief as the Court deems just and equitable.

## COUNT III
## UNJUST ENRICHMENT AS TO EMPLOYER AND OWNER

16.   PLAINTIFF re-alleges the allegations contained in Paragraphs 1 through 15 above, as if fully set forth in Count III of this Complaint.

17.   PLAINTIFF worked on numerous occasions in excess of 40 hours per week while employed by the EMPLOYER.   The EMPLOYER and OWNER received the benefits of his services conferred upon them without paying overtime wages of one and one-half times the regular rate of pay, including any straight time for unpaid wages that may be due and owing.

18.   It would be inequitable to allow the EMPLOYER and OWNER to retain these valuable services without fully compensating the PLAINTIFF all unpaid wages, including overtime.

WHEREFORE, PLAINTIFF hereby requests a judgment against the EMPLOYER and OWNER for unpaid wages, including overtime, for the goods and services provided to them by PLAINTIFF, including costs, prejudgment interest and such other relief as this Court deems just and proper.

## COUNT IV
## QUANTUM MERUIT AS TO THE EMPLOYER

19.   PLAINTIFF re-alleges the allegations contained in Paragraphs 1 through 18, as if fully set forth in Count IV of this Complaint.

20.   PLAINTIFF performed valuable services for the EMPLOYER and OWNER, which they assented to and received.

5

21.   EMPLOYER and OWNER had knowledge and/or should have had knowledge of the services performed for them by the PLAINTIFF.

22.   In the ordinary course of common events, a reasonable person receiving such benefit would normally expect to pay for it in full.

23.   Under the circumstances, it would be inequitable, and the EMPLOYER and OWNER would be unjustly enriched, if they were permitted to retain the services provided without fully compensating the PLAINTIFF in full.

WHEREFORE, PLAINTIFF hereby requests a judgment against the EMPLOYER and OWNER for unpaid wages, including overtime for the goods and services provided to them by the PLAINTIFF, including costs, prejudgment interest and such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

PLAINTIFF demands a trial by jury on all issues so triable.

Respectfully submitted,

KONSTANTINE E. PANTAS, ESQUIRE
Florida Bar No. : 978124
PANTAS LAW FIRM
1720 Orange Avenue, Suite 302
Orlando, Florida 32806
Telephone: (407) 425-5775
Facsimile: (407) 425-2778
Attorney for the Plaintiff